**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Blaine Kyle McNeese, | ) |
| Petitioner, | ) CIV 12-00962 PHX FJM (MEA) |
| v. | ) REPORT AND RECOMMENDATION |
| Charles Ryan, Arizona Attorney General, | ) |
| Respondents. | ) |

**TO THE HONORABLE FREDERICK J. MARTONE:**

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus on or about May 7, 2012. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 10) on July 13, 2012. Petitioner filed a reply to the answer to his petition on or about October 3, 2012. See Doc. 16.

**I Procedural History**

A grand jury indictment returned December 18, 2008, charged Petitioner with one count of theft of at least $25,000, one count of forgery, and one count of identity theft. See Answer, Exh. B. The charges were based on the events of September 30, 2003, during which time Petitioner was an officer

with the Arizona Department of Public Safety ("DPS").[1]

In June 2005, Detectives Vern Alley and Larry Landers were investigating the robbery of $40,000 in cash from the passengers of a limousine whose driver was arrested during a traffic stop conducted by Petitioner on September 30, 2003. Id., Exh. S.  The detectives went to Petitioner's home to confront him with the evidence regarding Petitioner's participation in the robbery.  The detectives discussed the matter with Petitioner and his wife.  During that conversation with the detectives Petitioner admitted that he had coordinated the traffic stop with the limousine driver and that he had obtained cash from the car.  Petitioner also stated that he "got $20,000 out of it."  Id., Exh. S.  Petitioner later engaged in a "freetalk" with detectives; the detectives testified at Petitioner's trial that he admitted to the crimes during this "freetalk."[2]  Id., Exh. S.

On January 7, 2010, after four days of trial, a jury convicted Petitioner of all three counts alleged in the

---

[1] The jury accepted the prosecution's theory of the case: Petitioner had arranged with a limousine driver that, acting in his capacity as a DPS officer, Petitioner would "pull over" the limousine on a particular date at a particular time while the driver was transporting particular passengers who would be carrying a large sum of cash. Petitioner would cite and arrest the driver and search the vehicle pursuant to the arrest, removing $45,000 in cash that Petitioner knew the passengers would have in the limousine. Petitioner used the name of another DPS officer on the citation and he and the limousine driver split the $45,000.  The passengers reported the loss of the money, leading to the investigation. Petitioner resigned from the DPS in November of 2003.

[2] Attached to the state's sentencing recommendation as Exhibit 4 is a transcript of a portion (pages 32 through 42) of the "freetalk." Answer, Exh. F at Exhibit 4.

-2-

indictment.[3] However, the jury found that the theft was based on a value of less than $25,000, rendering that offense a class 3 felony as opposed to the class 2 felony charged in the indictment.

On February 9, 2010, the trial court sentenced Petitioner to an aggravated term of six years imprisonment pursuant to his conviction on the theft charge and to an aggravated term of three years imprisonment pursuant to his conviction on the charge of identity theft. Id., Exh. G. Petitioner was sentenced to the presumptive term of 2.5 years imprisonment pursuant to his conviction for forgery. The trial court ordered that the forgery and identity theft sentences be served concurrently to each other and consecutively to the sentence imposed for theft.

Petitioner took a timely direct appeal of his convictions and sentences. In his direct appeal Petitioner asserted that the trial court abused its discretion when it permitted the use of his "free talk" statements for impeachment purposes; that the prosecutor engaged in misconduct when he referred to a "free talk agreement" in direct examination and closing argument; and that the trial court erred in admitting a copy of the traffic citation issued to the limousine driver during the robbery into evidence after the state had destroyed the original. Id., Exh. P.

---

[3] The evidence introduced at trial included phone records indicating Petitioner and the limousine driver had spoken by phone on 79 occasions in the four months prior to the robbery and sixteen times on the date of the robbery.

-3-

The Arizona Court of Appeals denied relief in a decision entered June 21, 2011. The appellate court reviewed Petitioner's first claim for fundamental error, under state law. Id., Exh. S. The court held that, although the trial court erred by permitting the state to use Petitioner's statements during a "free talk" with police to impeach the testimony of Petitioner's wife at trial, the error was not fundamental. The court noted that Petitioner had argued that "his state and federal constitutional rights were violated in the heading for this issue in his opening brief," but that Petitioner had failed "to provide citation to any authority or argument" for the claim. Accordingly, citing Arizona v. Moody, 208 Ariz. 424, 452 n.9, 94 P.3d 1119, 1147 (2004), the court held Petitioner had "abandoned these claims." The state appellate court analyzed Petitioner's claim of prosecutorial misconduct under state law and held that the prosecutor's statements in closing argument did not constitute fundamental error. The state court further held that, under state law, the trial court's admission of a photocopy of the citation on which Petitioner had forged the name of a fellow DPS officer was not reversible error. Id., Exh. S.

Petitioner sought review of the Arizona Court of Appeals' decision by the Arizona Supreme Court, which denied review on January 10, 2012. Id., Exh. T.

Petitioner initiated a state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on May 18, 2010, while his direct appeal was pending. Id., Exh.

1  K.    On June 16, 2010, Petitioner filed a motion "to withdraw
2  [his] notice of post-conviction relief without prejudice so that
3  it [could] be filed at a later date."  Id., Exh. M.  The trial
4  court dismissed the Rule 32 action without prejudice on August
5  3, 2010. Id., Exh. O.
6         On July 15, 2011, Petitioner initiated a second Rule 32
7  action.  Id., Exh. U.  The state trial court appointed counsel
8  to represent Petitioner in his Rule 32 proceedings.  On January
9  3, 2012, Petitioner's appointed counsel informed the trial court
10 that he had reviewed the trial and appellate proceedings and was
11 "unable to find any claims for relief to raise in
12 post-conviction relief proceedings."  On May 12, 2012, the Rule
13 32 action was dismissed for Petitioner's failure to timely file
14 a pro per pleading by February 21, 2012, as ordered by the state
15 trial court.  Id., Exh. FF.
16         In his federal habeas action Petitioner asserts:
17         1.   His right to due process of law was violated
18 because the state used Petitioner's statements during a "free
19 talk" to impeach his wife's trial testimony;
20         2. The prosecutor committed misconduct by referring to
21 Petitioner's "free talk" in direct examination and closing
22 argument;
23         3. The trial court erred by admitting a photocopy of a
24 traffic citation at trial after the state had destroyed the
25 original;
26         4. The two detectives who testified at Petitioner's
27 trial "perjured themselves" by testifying that Petitioner
28                                 -5-

admitted to the crimes of conviction.

## II Analysis

### A. Exhaustion and procedural default

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[4] The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

---

[4] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2011).

-6-

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351.

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See Woodford v. Ngo, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., id., 548 U.S. at 92, 126 S.

-7-

Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060. Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

Petitioner did not present any claims to the Arizona Court of Appeals in a procedurally correct manner in his Rule 32 action, which was dismissed by the state trial court for Petitioner's failure to prosecute any specific claims in that action. Accordingly, because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has

exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

**C. Cause and prejudice**

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting

his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). See also Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted, for example in a state action for post-conviction relief. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567; Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire trial with constitutional violations. See Vickers, 144 F.3d at 617; Correll, 137 F.3d at 1415-16. Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to

-10-

establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

### D. Fundamental miscarriage of justice

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged. See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

**E. Petitioner's claims for relief**

**1. Petitioner contends his right to due process was violated because the state used Petitioner's statements during a "free talk" to impeach his wife's trial testimony and because the state never "disclosed a copy of the 'freetalk.'"**

In his direct appeal Petitioner asserted the trial court erred by allowing the introduction of statements he made during a "freetalk" to be used to impeach his wife's trial testimony. When discussing the merits of this claim the state court noted that, although Petitioner had stated in the heading of this section of his brief that his state and federal constitutional rights were violated by this error, Petitioner did not argue anywhere in the brief that these rights were violated, nor did he cite to any legal opinion so holding. Accordingly, the state court found Petitioner had abandoned any claim that this error by the trial court violated his state or constitutional rights.  See Answer Exh. S at 18 n. 10.

The state court then reviewed the argument pursuant to state law and concluded that although the trial court erred, the error was not fundamental because it did not permeate the proceedings and deny Petitioner a fair trial, *inter alia*, given the "overwhelming" evidence of guilt.

Petitioner did not provide the state court the opportunity to review the merits of the federal constitutional claim presented in his section 2254 petition. The state court decided the merits of the claim based solely on state law. Accordingly, Petitioner has procedurally defaulted this claim in the state courts. Because the state court's decision is an

-12-

adequate and independent basis for declining to consider the merits of the federal habeas claim, the Court need not consider the merits of the claim absent a showing of cause and prejudice or that a fundamental miscarriage of justice will occur.

In his reply to the answer to his petition Petitioner contends:

> The Petitioner's claims are not procedurally barred.... Claims 1 through 3 were handled by a state appointed attorney []. He followed all appropriate rules and applications for the petitioner's state appeals. ... Since the Petitioner is not an attorney and has limited experience with the law the Petitioner assumes all the correct procedures were followed. If this is not the case the Petitioner should not be responsible.

Doc. 16 at 2-3.

With regard to the merits of his claim, Petitioner contends that the use of the "freetalk" violated Petitioner's Fifth Amendment rights because it was plain error and prejudicial and in violation of the Arizona state rules regarding admission of evidence and his right to not be forced to incriminate himself. Doc. 16 at 5-6. Petitioner asserts repeatedly that because "the state never turned over a copy of Petitioner's 'freetalk'", that the "trial court erred by allowing the state to attempt to impeach Petitioner's wife with the 'freetalk," resulting in a violation of his constitutional rights. Petitioner further contends that he never voluntarily confessed to the alleged crimes. Petitioner alleges that the two detectives had a "vendetta" against him and lied and fabricated evidence to make him look guilty.

-13-

Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, Picard v. Connor, 404 U.S. 270, 277-78, 92 S. Ct. 509, 512-13 (1971), they must do more than present the facts necessary to support the federal claim. See Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

> A claim is not "fairly presented" if the state court "must read beyond a petition or a brief ... in order to find material" that alerts it to the presence of a federal claim. Baldwin, 541 U.S. at 32, 124 S. Ct. 1347 (concluding that a petitioner does not "fairly present" an issue for exhaustion purposes when the appellate judge can only discover the issue by reading a lower court opinion in the case).

Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).

A "general appeal to a constitutional guarantee," such as due process, is insufficient to achieve fair presentation. Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000). Similarly, a federal claim is not exhausted merely because its factual basis was presented to the state courts on state law grounds--a "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Id., 223 F.3d at 988 (quotations omitted); see also Picard, 404 U.S. at 275-77.

**2. Petitioner contends the prosecutor committed misconduct by referring to Petitioner's "free talk" in direct examination and closing argument.**

Petitioner presented a claim based on these facts to the Arizona state court in his direct appeal. The state court analyzed this claim pursuant to state law and held that the prosecutor's statements in closing argument did not constitute

-14-

fundamental error. The state court examined the claim for fundamental error because Petitioner's counsel had not objected to the statements at trial as prosecutorial misconduct.[5] The appellate court specifically found that there was no evidence that the prosecutor was "reading" from the "freetalk" during closing argument, but concluded that the "objectionable statements appear to be the State's somewhat overzealous characterizations of Defendant's admissions to Detectives A and L as well as to some of the other evidence introduced at trial....." Answer, Exh. S at 29-30 & n.15. The appellate court also concluded that any erroneously admitted statements were not prejudicial in light of the weight of the evidence against Petitioner. Id., Exh. S at 32.

       Petitioner is not entitled to federal habeas relief on this claim for the reasons stated with regard to his first claim for habeas relief. Petitioner did not present any federal constitutional claim to the Arizona Court of Appeals in his direct appeal with regard to the arguments raised in his second claim for federal habeas relief. When raising this claim in the state courts Petitioner's brief did not state any federal claim and did not cite any federal constitutional provision or any federal case law. Petitioner has procedurally defaulted this claim in the state courts. Because he has not shown cause for nor prejudice arising from his default of this claim, nor has Petitioner established a fundamental miscarriage of justice as

---

[5] Counsel did object to the statements as assuming facts not in evidence.

that term is defined in federal habeas law, he is not entitled to relief on this claim.

**3. Petitioner asserts the trial court erred by admitting a photocopy of a traffic citation at trial after the state had destroyed the original.**

The state appellate court reviewed this assertion pursuant to state law, as a claim that the trial court erred in the admission of evidence. The appellate court concluded that the trial court did not abuse its discretion in admitting the evidence because the state had provided sufficient evidence of authenticity regarding the copies.

Relief on this claim is not warranted for the reasons cited with regard to Petitioner's first two claims for relief. Petitioner did not properly exhaust this claim in the state courts because he did not present a federal constitutional claim to the state courts when discussing this alleged error. When raising a similar claim in the state courts Petitioner's brief did not cite any federal constitutional provision or any federal case law. Petitioner has procedurally defaulted this claim in the state courts. Because he has not shown cause for nor prejudice arising from his default of this claim, nor has Petitioner established a fundamental miscarriage of justice will occur absent review of the claim, he is not entitled to relief on this claim.

**4. The two detectives "perjured themselves" by testifying that Petitioner admitted to the crimes and to other acts.**

In his reply to the answer to his petition, Petitioner allows that he did not present this claim to the state courts.

-16-

Petitioner asserts that he did not present the claim to the state courts because his counsel in his direct appeal advised him that the claim was not likely to succeed.

Petitioner did not properly exhaust this claim in the state courts. Petitioner contends: "[C]ounsel ... had all the information in relationship to Ground 4 and stated that I did not have a colorful claim. Since my claim in Ground 4 is one of the main causes that the Petitioner was convicted I believe that Edwards +v. Carpenter, 529 U.S. 446, 451 (2000) applies." Doc. 16 at 3. Petitioner contends that failure to review this claim will result in a fundamental miscarriage of justice, notwithstanding that the state court found the error was not fundamental.

The ineffective assistance of appellate counsel is not sufficient cause to excuse the procedural default of a claim unless the habeas petitioner exhausted an ineffective assistance of appellate counsel claim in the state courts, which Petitioner has not done. Additionally, counsel's failure to raise what counsel considers to be a losing argument is not deficient performance and is generally not prejudicial.

Petitioner has not shown cause for nor prejudice arising from his procedural default of this claim. Additionally, no fundamental miscarriage of justice will occur absent consideration of this claim because there is sufficient evidence that Petitioner was not factually innocent. Although Petitioner alleges numerous legal errors in his habeas pleadings he does not argue his factual innocence nor discuss a plausible

-17-

theory regarding the other evidence introduced against him at trial.

### III Conclusion

Petitioner procedurally defaulted his federal habeas claims by not fairly presenting them to the Arizona Court of Appeals in a procedurally correct manner. Petitioner has not established cause for nor prejudice arising from his procedural default of his claims, nor has Petitioner established a fundamental miscarriage of justice will occur absent substantive review of the merits of the claims.

**IT IS THEREFORE RECOMMENDED that** Mr. McNeese's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 20th day of November, 2012.

_____
Mark E. Aspey
United States Magistrate Judge